## UNITED STATES of America

v.

## Sabrania HOLMES.

## No. 6:01CR160–ORL–19JGG.

United States District Court, M.D. Florida, Orlando Division.

Jan. 23, 2002.

### ORDER

FAWSETT, District Judge.

This case comes before the Court for consideration on the following:

(1) Magistrate Judge's Endorsed Discovery Order Granting Holmes' Amended Motion for Production (Doc. No.31);

(2) Government's Appeal of Magistrate Judge's Discovery Order of December 12, 2001 (Doc. No. 42);

(3) Holmes' Memorandum of Law in Opposition to Government's Appeal of Magistrate Judge's Discovery Order of December 12, 2001 (Doc. No. 48);

(4) Magistrate Judge's Endorsed Order Granting Holmes' Second Motion for Production (Doc. No. 43);

(5) Government's Appeal of Magistrate Judge's Discovery Order of December 28, 2001 (Doc. No. 57).

## BACKGROUND

On September 19, 2001, Sabrania Holmes was indicted by the Grand Jury serving in the United States District Court, Middle District of Florida, Orlando Division (Doc. No. 1). The indictment charged that Holmes, while an employee of the United States Department of Defense, did participate personally and substantially as a government employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise, in a contract in which, to the Defendant's knowledge, Defendant had a financial interest. Holmes was charged under Title 18, United States Code, §§ 208(a) and 2.

On November 14, 2001, a First Superseding Indictment was entered against Defendant Sabrania Holmes (Doc. No. 20). This indictment was substantially the same as the original except for the addition of a claim that the Defendant issued a contract deficiency report (CAR) under the contract between Intellitec Corporation and the federal government, the Joint Service Lightweight Standoff Chemical Agent Detector Program, in which, to Defendant's knowledge, Defendant had a financial interest.

On January 9, 2002, a Second Superseding Indictment was filed, alleging the same crimes as the First Superseding Indictment. However, the Second Superseding Indictment only charges Defendant of violating Title 18, United States Code, Section 208(a). It dropped the charges under 18 U.S.C. § 2.

On November 23, 2001, Defendant Holmes filed an Amended Motion for Production (Doc. No. 31) seeking a number of documents that she claimed were material to the preparation of the Defendant's defense and to rebut the elements of the Government's case in chief.

On December 12, 2001, the Magistrate Judge entered an endorsed order granting Defendant's motion, ruling that Defendant's "request is sufficiently narrow to seek documents which are material to the preparation of Holmes' defense." The Magistrate Judge required the Government to provide the documents within eleven days of the date of the order. On December 21, 2001, the Government filed an appeal of the Magistrate Judge's Order, (Doc. No. 42). Also on December 21, 2001, Defendant filed a second motion for production of documents (Doc. No. 43). On January 2, 2002, Defendant filed a Memorandum of Law in opposition to the Government's appeal (Doc. No.48).

On December 28, 2001, the Magistrate Judge held a two and one half hour hearing on Defendant's second motion for production. The Magistrate Judge again ruled in favor of the Defendant. On January 8, the Government filed an appeal of the Magistrate's Order of December 28, 2001. The Defendant has not filed a timely response to the Government's objection.[1]

---

1. Defendant's original request for production sought items identified as "documents a-v", some containing several subcategories. In the Government's appeal of the Magistrate Judge's second order, (Doc. No.57), the Government states that the only items still in dispute are (a), (c), (d), (e), (f), (g), (h), (i), (j), (k), (n), and (p). Since Defendant has not

### CONCLUSIONS OF LAW

In reviewing rulings by U.S. Magistrate Judges, District Court Judges are required to apply a "clearly erroneous" standard. *See* 28 U.S.C. § 636(b)(1)(A); *Massey v. United Transp. Union*, 868 F.Supp. 1385, 1388 (S.D.Ga.1994), *aff'd*, 65 F.3d 183 (11th Cir.1995). "A finding is clearly erroneous if after reviewing the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been made." *Anderson v. City of Bessemer City North Carolina*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

The legal standard for discovery requests is provided in Federal Rule of Criminal Procedure 16(a)(1)(c) and the case law interpreting it. Rule 16(a)(1)(c) provides:

> Upon request of the defendant, the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant.

The operative term of the Rule is "material." Case law has defined "materiality" as "more than that the evidence in question bears some abstract logical relationship to the issues in the case...There must be some indication that the pretrial disclosure of disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Ross*, 511 F.2d 757 762 (5th Cir.1975).[2] *See also United States v. Conder*, 423 F.2d 904, 910 (6th Cir.1970) ("showing of reasonableness and materiality of the request is not satisfied by mere conclusory allegation that the requested information is material to the preparation of the defense.").

In the instant case, the applicable law, the briefs submitted by the parties, and a transcript of the hearing conducted by the Magistrate Judge have been carefully reviewed. It is evident that the Magistrate Judge devoted a great deal of time and care in making his ruling. Based on the evidence presented, this Court cannot find that his ruling was clearly erroneous or contrary to law.

### CONCLUSION

For the foregoing reasons, the Court **RULES** that:

(1) The Government's Appeal of Magistrate Judge's Discovery Order of December 12, 2001 (Doc. No. 42) is **DENIED**.

(2) The Government's Appeal of Magistrate Judge's Discovery Order of December 28, 2001 (Doc. No. 57) is **DENIED**.

(3) The Magistrate Judge's Orders granting Defendant's first and second motions for production (Doc. Nos. 43 and 45) are **ADOPTED, AFFIRMED, and APPROVED**.

---

replied to the Government's appeal or filed any document contesting the Government's statement regarding which documents are still in dispute, the Court will accept the Government's statements as true.

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981,